DECISION
Subsequent to a jury trial in which the defendants prevailed, the plaintiff, Bruce A. Hibbard, moves this Court for a new trial in the above-entitled case. The plaintiff, pursuant to R. C. P. 59, made a motion for a new trial asserting that the jury verdict is against the law; the jury verdict is against the evidence; the jury verdict is against the law and the evidence and the weight thereof; the jury verdict fails to do substantial justice to the parties; the jury verdict is not truly responsive to the merits of the controversy; and the jury verdict is the result of passion, prejudice or partiality. The defendants object to the plaintiffs post trial motion.
This case arises out of a motor vehicle accident which occurred on Reservoir Avenue in Cranston, Rhode Island on February 8, 1992. The plaintiff, a guard at the Rhode Island Adult Correctional Institution, and a co-worker, Kenneth Saritelli, were on a break from work and were going to Dunkin Donuts on Reservoir Avenue at approximately 1:50 A.M. The defendants, who were traveling in the same direction, were on their way to meet some friends for a late night breakfast in Providence. Defendant Susan Wyke was driving a vehicle owned by defendant Gary Rich, the passenger. The plaintiff claimed that as a direct result of the defendant's negligent operation of a motor vehicle he suffered and continues to suffer bodily injuries, as well as damage to his motor vehicle. The defendants counterclaimed that the plaintiff negligently operated a motor vehicle, causing the collision and damage to Rich's vehicle.
After trial, a jury determined that the defendant was not negligent and, further, that defendant Rich suffered property damage in the amount of $5,150. The plaintiff filed the within motion.
The rule with respect to a motion for a new trial has been amended to conform to the federal rule by allowing such a motion when an error of law has occurred at the trial. The amended rule 59 (a) states:
 "A new trial may be granted to all or any of the parties and on all or part of the issues, (1) in an action in which there has been a trial by jury for error of law occurring at the trial or for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of this State. . . ."
Thus, in addition to the previous grounds for a new trial, the amended rule provides, in conformity with the federal rule, that "any error of law, if prejudicial, is a good ground for a new trial." Wright, Miller, and Kane, Federal Practice andProcedure § 2805, at 55 (1995).
The plaintiff avers that the jury's verdict is clearly against the weight of the evidence and the law. The plaintiff also contends that the jury verdict is the result of passion, prejudice or partiality and not truly responsive to the merits of the controversy. This Court does not agree. While the plaintiff specifically challenges the form of the jury interrogatories, this Court finds that given its instructions to the jury concerning the appropriate law relative to both the plaintiff and defendants and their respective claims, along with the unambiguous jury interrogatories, and the jury's unambiguous responses thereto, the jury's verdict clearly and accurately responds to the merits of the case.
After carefully reviewing all of the evidence of record, along with the arguments of counsel, this Court finds that a new trial is not warranted. Accordingly, the plaintiffs motion for a new trial pursuant to R.C.P. 59 is denied.
Counsel shall submit an appropriate judgment for entry within ten days.